## SUPREME COURT.

ALEXANDER McKENZIE agt. JANE McKENZIE and others.

A *settlement* of an action privately by the *parties* to it before judgment, where it appeared to have been done without collusion or fraud, to deprive the attorney of the defendant of his *costs*, and where no notice was given by the defendant's attorney of his claim for costs, *held* that the latter had no *lien* on the fund in controversy, and could not collect his costs by attachment therefrom.

*New York Special Term, July,* 1861.

MOTION on the part of the receiver to be discharged on his paying to the plaintiff the balance of money remaining in his hands; and also a motion on the part of the defendant's attorney for an attachment against the receiver, &c.

SUTHERLAND, Justice.    This action has, in fact, been settled by the parties.    The defendant has re-conveyed to the plaintiff the property in controversy, and she has in writing consented that the moneys which were in the hands of the receiver, $1,500 of which has been deposited by him in the U. S. Trust Company, should be paid to the plaintiff.

The papers do not show satisfactorily that this settlement was brought about by undue influence on the part of the plaintiff, or that the settlement was the result of a fraudulent conspiracy between the parties to defraud the attorney of the defendant of his costs.

If the attorney of the defendant has no lien for his costs upon the fund so deposited in the trust company, the motions made on the part of the plaintiff, for an order, that the moneys so deposited in the trust company, and the balance in the hands of the receiver, should be paid to him, and for an order of discontinuance of the action, on the written consent of the parties, should be granted.

It is very clear that the attorney for the defendant can have no lien on this fund for his costs.    There has been no judgment in the action determining the fund to belong to

the defendant. By the settlement the defendant has admitted the right and title of the plaintiff to the property and fund in question. Surely the attorney for the defendant has no lien for his costs on the property of the plaintiff.

An attorney has a lien for his costs on the papers of his client, which may come into his hands in the prosecution or defence of the action, and under certain circumstances, on the amount which his client may recover in the action; but if his client never recovers anything, this lien must be confined to the papers of his client, which may have come into his hands in the prosecution or defence of the action.

In this action, the question was, whether the defendant had fraudulently and improperly obtained a conveyance of the property in question from the plaintiff; if she had, then the property was the property of the plaintiff, notwithstanding his conveyance to her; if she had not, then the property was her property; so that it may be said the question in the action was, whether the property was the plaintiff's or the defendant's.

The parties certainly had a right to settle this controversy; and they have settled it before judgment.

The effect of the settlement was, to declare the property to have been and to be the plaintiff's.

To allow that the defendant's attorney has a lien on the fund in question for his costs, would, in effect, compel the plaintiff to pay costs incurred not only without his authority, but against his rights, as acknowledged and recognized by the settlement.

In the absence of collusion or fraud to deprive the attorney of the defendant of his costs, I can see no principle upon which I can refuse to give the plaintiff what the settlement acknowledges to be his.

It follows, also, from this view of the question as to the attorney's lien, that the motion on the part of the receiver to be discharged on his paying to the plaintiff the balance remaining in his hands, according to Mr. Fowler's report,

should be granted; and also that the motion on the part of the defendant or of her attorney, for an attachment against the receiver, should be denied, but without costs to either party on either motion.*

* Suppose that, previous to the settlement in this case, the defendant's attorney had given to the plaintiff a formal *notice* that, by the agreement between him and his client, he should be entitled to receive for his compensation a portion of the fund in controversy, it is presumed (for this matter is not discussed in the opinion) that such a notice would have prevented any *bona fide* private settlement by the parties. The Code says (§ 303:) "All statutes establishing or regulating the costs or fees of attorneys, solicitors and counsel in civil actions, and all existing rules and provisions of law, restricting or controlling the right of a party to agree with an attorney, solicitor or counsel for his compensation, are repealed; and hereafter the measure of such compensation shall be left to the agreement, express or *implied*, of the parties." Now is not this statute sufficient *constructive notice*, at least, to put the parties on *inquiry*, in reference to the agreement expressed or implied, which the attorneys may have with their clients in reference to their claim on the subject matter in controversy, to prevent a *bona fide private settlement* of the action by the parties before judgment ?—[REP.